UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN ADMIRALTY

CASE NO.

**99-6410** CIV-LENARD

POLAR SHIPPING COMPANY, LTD.
60 Nevis Street
St. Johns, Antigua,

and

United Container Services (Deutschland) GmbH
POB 1102 45
D20402 Hamburg, Germany,

Plaintiffs,

vs.

*M/V ARAWAK CHIEF*, her engines tackle and apparel, *in rem*, and
CERTAIN OCEAN CONTAINERS BEARING THE PREFIX "UXXU" and otherwise the name "United Container Systems and/or UCS, *in rem*,

Defendants.
_____/

**VERIFIED COMPLAINT
WITH REQUEST FOR ISSUE
OF WARRANTS OF MARITIME
ARREST**



Polar Shipping, Ltd. ("Polar") and United Container Systems (Deutschland) GmbH hereby sues the *M/V ARAWAK CHIEF* ("Vessel") and certain ocean containers bearing the prefix "UXXU" and otherwise the name "United Container Systems" or "UCS" ("Ocean Containers") *in rem*, as follows:

### Jurisdiction and Venue

1. This is an action within this Court's admiralty jurisdiction pursuant to 28 U.S.C. §



1333, within the meaning of Fed. R. Civ. P. 9(h).

2. Venue is proper in this Court because the Vessel and Ocean Containers will be during the pendency of this action located within this District.

## The Parties

3. The *M/V Awarwak Chief* is an Antiguan flagged motor vessel. Call Numbers V2AB6, on #7510860, 93.53 loa and a gross tonnage of 3022.

4. Polar is the legal owner of the vessel *M/V ARAWAK CHIEF* ("Vessel"), and successor in interest to Difko Ship Lease, A/S. In September, 1995, Difko entered into a charter party for the Vessel with "Interpretation, Inc." (to be succeeded by or renamed " Suwon Enterprises, Ltd.," hereinafter, Suwon) calling for certain payments to be made in exchange for the charter's use of the Vessel. The charter, however, has been terminated for non-payment by the lessee, and Polar has given the lessee a notice of default more than seven (7) days prior to this complaint.

5. UCS is a lessor to Arawak of Ocean Containers, prefixed "UXXU" or otherwise bearing the name "United Container Systems." Arawak has failed to pay UCS for that lease and UCS has terminated the lease.

## Count I
## Arrest of Vessel -- Rule D

6. Supplemental Rule D for Certain Admiralty and Maritime Procedures states that for the purpose of trying maritime actions for the possession of property, "the process shall be by a warrant of arrest of the . . . property, and by notice in the manner provided by Rule B(2) to the

adverse party or parties."

7.      Pursuant to Supplemental Rule D, plaintiffs request that this Court issue a writ of arrest of the Vessel, declaring that the Vessel belongs to plaintiff Polar and putting Polar in possession of the Vessel.

### Count II
### Arrest of Ocean Containers -- Rule D

6.      Supplemental Rule D for Certain Admiralty and Maritime Procedures states that for the purpose of trying maritime actions for the possession of property, "the process shall be by a warrant of arrest of the . . . property, and by notice in the manner provided by Rule B(2) to the adverse party or parties."

7.      Pursuant to Supplemental Rule D, plaintiffs request that this Court issue a writ of arrest of the Ocean Containers, declaring that the Ocean Containers belongs to plaintiff UCS and putting UCS in possession of the Ocean Containers.

### DEMAND FOR JUDGMENT

WHEREFORE, plaintiffs respectfully demand judgment, and pursuant to Local Admiralty Rule (E)(1) pray as follows:

(A)     **Count I (arrest of Vessel, Rule D):** That this Court pursuant to Supplemental Rule D issue a writ of arrest of the Vessel as alleged in this count and declare that the Vessel is Polar's property;

(B)     **Count II (arrest of Ocean Containers, Rule D):** That this Court pursuant to Supplemental Rule D issue a writ of arrest of the Containers as alleged in this

count and declare that the Ocean Containers are UCS' property:

(C)   That this Court award each plaintiff such other and further relief that this Court deems just and proper.

DATED this 2nd day of April 1999.

                        JAMES W. STROUP, P.A.
                        Attorneys for Plaintiff
                        119 Southeast 12th Street
                        Fort Lauderdale, Florida 33316
                        Telephone: 954-462-8808
                        Facsimile 954-462-0278

                        By: _____
                             JAMES W. STROUP
                             Fla Bar No. 0842117

OF COUNSEL:
J. Stephen Simms
Greber & Simms
Suite 930
Twenty South Charles Street
Baltimore, Maryland 21201
Telephone: 410-783-5795
Facsimile: 410-783-1368

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN ADMIRALTY

CASE NO.

POLAR SHIPPING COMPANY, LTD.
60 Nevis Street
St. Johns, Antigua,

    and

United Container Services (Deutschland)
 GmbH
POB 1102 45
D20402 Hamburg, Germany,

    Plaintiffs,

vs.

*M/V ARAWAK CHIEF*, her engines
 tackle and apparel, *in rem*, and
CERTAIN OCEAN CONTAINERS
BEARING THE PREFIX "UXXU" and
otherwise the name "United Container
Systems and/or UCS, *in rem*,

    Defendants.
_____/

## VERIFICATION

I am counsel to plaintiffs. Pursuant to Local Admiralty Rules (A)(5) and B(1), I verify under solemn affirmation that the facts alleged in the foregoing complaint are true and correct to the best of my knowledge and information based upon the records of plaintiffs made available to me by plaintiffs. There is no corporate officer of plaintiff readily available in the District to make this verification. I am authorized by each plaintiff to make this affidavit.

Pursuant to 28 U.S.C. § 1746, I solemnly declare under penalty of perjury that the

foregoing is true and correct.

Executed on April 2, 1999.

_____
James W. Stroup
Fla. Bar #
119 Southeast 12th Street (Davie Boulevard)
Fort Lauderdale, Florida 33316-1813
Telephone: 954-462-8808
Facsimile 954-462-0278

## VERIFICATION

I am a principal of the law firm of Greber & Simms, counsel to plaintiffs. Pursuant to Local Admiralty Rules (A)(5) and B(1), I verify under solemn affirmation that the facts alleged in the foregoing complaint are true and correct to the best of my knowledge and information based upon the records of plaintiffs made available to me by plaintiffs.

There is no corporate officer of any plaintiff readily available in the District to make this verification. I am authorized by each plaintiff to make this affidavit.

Pursuant to 28 U.S.C. § 1746, I solemnly declare under penalty of perjury that the foregoing is true and correct.

Executed on April 1, 1999.

J. Stephen Simms
Greber & Simms
Suite 930
Two North Charles Street
Baltimore, Maryland 21201
(410) 783-5795

Plaintiffs' Counsel

# CIVIL COVER SHEET  99-6410 CIV-LENARD

e JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by , except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of e Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**a) PLAINTIFFS**
Polar Shipping Company, Ltd +
United Container Services,

**DEFENDANTS**
m/v "Arawak Chief" and United
Container Systems

**MAGISTRATE JUDGE TURNOFF**

COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  foreign
(EXCEPT IN U.S. PLAINTIFF CASES)

A-NORTH-6410-LENARD/WCT

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
James W. Stroup, P.A. 114 SE 12th Street,
Ft Laud, FL 33316   954-462-8808

ATTORNEYS (IF KNOWN)

CIRCLE COUNTY WHERE ACTION AROSE:
DE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**BASIS OF JURISDICTION** — 3 Federal Question (X)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Case Only)

**CAUSE OF ACTION**
28 USC §1333

2 days estimated (for both sides) to try entire case

**NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

**ORIGIN**: 1. Original Proceeding

**REQUESTED IN COMPLAINT**: CLASS ACTION — UNDER F.R.C.P. 23

**JURY DEMAND**: NO

DATE: April 2, 1999
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY: Receipt No. 515965
Date Paid: 4/2/99
Amount: 150.00
M/ifp: _____